**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TERRAFORM LABS PTE. LTD., *et al.*,<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>(Jointly Administered) |
| JOHNNY CHANG,<br><br>Plaintiff,<br><br>vs.<br><br>TERRAFORM LABS PTE. LTD. WIND DOWN TRUST,<br><br>Defendant. | Adv. Pro. No. 26-50229 (BLS) |

**FIRST AMENDED COMPLAINT FOR**
**DETERMINATION OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 541**

Plaintiff Johnny Chang ("Mr. Chang" or "Plaintiff"), by and through his undersigned counsel, files this first amended complaint (the "Amended Complaint") for Declaratory and Other Relief the Terraform Labs PTE. LTD. Wind Down Trust (the "Trust" or "Defendant") as successor in interest to Terraform Labs PTE LTD and its affiliated co-debtors (collectively, the "Debtors"), and alleges:

## NATURE OF THE CASE

1. This adversary proceeding is commenced to obtain declaratory and equitable relief for (i) a determination that a certain inadvertent prepetition transfer of cryptocurrency to the Debtors (the "Transfer") is not property of the bankruptcy estate, (ii) a determination that Mr. Chang

possesses certain exclusive property interests and rights in the cryptocurrency inadvertently transferred and (iii) imposition of a constructive trust with respect to the funds comprising the value of such cryptocurrency. Alternatively, Mr. Chang seeks estimation and allowance of his crypto loss claim in an amount equal to a distributable value of $2,199,337.00.

**JURISDICTION AND VENUE**

2. This adversary proceeding is commenced pursuant to Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

4. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. *§* 157(b).

6. The statutory and legal predicates for the relief sought herein are sections 105(a) 502(a), 502(c) and 541(d) of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that he does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**PROCEDURAL BACKGROUND**

8. On January 21, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

9. The Court entered an order for joint administration of these chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Bankr. D.I. No.

476].

10. On September 20, 2024, the Court confirmed the *Second Amended Chapter 11 Plan of Liquidation of Terraform Labs Pte. Ltd. and Terraform Labs Limited* (the "Plan"), [Bankr. D.I. No. 734].

11. Section 5.5 of the Plan approved the establishment of the Trust for the benefit of holders of Claims against the Debtors and all provides all assets held by the Debtors shall transfer to, and vest exclusively in, the Trust Plan § 5.5.

12. Section 5.6 of the Plan Provides:

> Except as provided in this Plan, the transfer to, vesting in, and assumption by the Wind Down Trust of the Estates Assets as contemplated by this Plan shall, as of the date of such transfer and assumption, bar recovery or any action against the Debtors and the Debtors' Estates for, or with respect to, all Claims. The Trust shall, as of the date upon which the Wind Down Trust is established, assume sole and exclusive responsibility and liability for all Claims against the Debtors, and such Claims shall be liquidated, resolved, or paid by the Wind Down Trust. Plan § 5.6.

13. On January 31, 2025, Todd R. Snyder was appointed as the Plan Administrator of the Debtors' estate, and the Trust filed the *Motion of the Plan Administrator Seeking Entry of an Order (I) Setting the Bar Date for Filing Proofs of Claim on Account of Crypto Loss Claims, (II) Approving the Form of and Manner for Filing Proofs of Claim, (III) Approving The Form and Manner of Notice Thereof, and (IV) Approving Related Procedures* [D.I. No 904].

14. On March 12, 2025, this Court entered an Order establishing April 30, 2025, as the bar date for crypto loss claims (the "CLC Bar Date").

## THE PARTIES

15. Mr. Chang is an individual residing in the Commonwealth of Massachusetts.

16. The Trust is a Wind Down Trust tasked with the administration and distribution of

estate assets vested in the Trust pursuant to the Plan.

## FACTUAL BACKGROUND

17. Prior to the Petition Date, on or about May 23, 2021, at 4:54 a.m. (ET) Mr. Chang attempted to transfer 2,246,480 cryptocurrency tokens of TerraClassicUSD to wallet controlled by a third party and unrelated to the Debtors.

18. On May 23, 2021, at 4:54 a.m. (ET), each TerraClassicUSD was valued at 0.979015 cents each. As such, on May 23, 2021, the value of the 2,246,480 cryptocurrency tokens of Terra ClassicUSD owned by Mr. Chang (collectively, the "Chang Tokens") was $2,199,337.00.

19. On May 23, 2021, at 4:54 a.m., Mr. Chang transferred the Chang Tokens. After initiating the transfer of the Chang Tokens, Mr. Chang realized he had inadvertently transferred the Chang Tokens to a cryptocurrency wallet controlled by the Debtors (the "Inadvertent Transfer"). The Inadvertent Transfer was due to Mr. Chang mistakenly leaving his internet browser window open on the "Terrafinder" webpage identified as terra18kgwjqrm7mcnlzcy7l8h7awnn7fs2pvdl2tpm9 (the "Terra Wallet Address") and mistakenly transferring the Chang Tokens to the Terra Wallet Address.

20. On May 23, 2021, at 4:57 a.m. (ET), approximately 3 minutes after initiating the Inadvertent Transfer, Mr. Chang realized his mistake and immediately messaged the Debtors seeking return of the Chang Tokens.

21. On May 23, 2021, at 4:57 a.m., only 3 minutes after initiating the Inadvertent Transfer, Mr. Chang sent the Debtors the first of 8 separate messages requesting return of the Chang Tokens.

22. Upon information and belief, on May 23, 2021, at 9:52 a.m. (ET), the Debtors used a portion of the Chang Tokens to liquate certain decentralized cryptocurrency loans and purchase

the loan collateral at a discount. The Debtors then used this discounted collateral as collateral for its own "defi loan" – i.e. to borrow more capital.

23. Despite immediately notifying the Debtors of the Inadvertent Transfer, the Debtors did not return the Chang Tokens to Mr. Chang. Instead, the Debtors immediately and unlawfully converted the Chang Tokens, using them as collateral to secure their own defi loans.

24. Mr. Chang continued to message the Debtors in an effort to effectuate return of the Chang Tokens. Indeed, as of January 13, 2022, the Debtors acknowledged the Inadvertent Transfer was due to a mistake but did not immediately return the Chang Tokens due ostensibly to a "tax audit."

25. On May 16, 2025, in the abundance of caution, Mr. Chang timely submitted his crypto loss claim pursuant to the Revised Order (I) Setting the Bar Date for Filing Proofs of Claim on Account of Crypto Loss Claims, (II) Approving the Form of and Manner for Filing Proofs of Claim, (III) Approving the Form and Manner of Notice Thereof, and (IV) Approving Related Procedures; Order (REVISED) (I) Setting the Bar Date for Filing Proofs of Claim on Account of Crypto Loss Claims, (II) Approving the Form of and Manner for Filing Proofs of Claim, (III) Approving the Form and Manner of Notice Thereof, and (IV) Approving Related Procedures [D.I. 969] (the "Crypto Loss Bar Date Order").

26. On November 14, 2025, the Trust issued its initial determination of Mr. Chang's crypto loss claim, valuing the claim at $0.00. Mr. Chang has disputed the Trust's initial determination.

## CLAIMS FOR RELIEF

### COUNT I
**(Declaration that the Chang Tokens are not Property of the Bankruptcy Estate – 11 U.S.C. § 541(d))**

27. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

28. The transfer of the Chang Tokens to a Debtor-controlled cryptocurrency wallet due to the Inadvertent Transfer. At all times relevant to this dispute, Mr. Chang intended to transfer the Chang Tokens to a third party unrelated to the Debtors. The Inadvertent Transfer was initiated by mistake due to Mr. Chang inadvertently cutting and pasting the Terra Wallet Address in his internet browser.

29. Mr. Chang holds legal and equitable title to the Chang Tokens and the funds comprising the value of the Chang Tokens within the meaning of 11 U.S.C. § 541(d). The Chang Tokens and the proceeds thereof are not property of the Debtors' bankruptcy estates.

30. Upon Information and belief, the Defendant may dispute that the Chang Tokens and/or the proceeds thereof are not property of the Debtors' bankruptcy estates.

31. A real case or controversy exists as to whether the Chang Tokens and/or proceeds thereof are property of the Debtors' bankruptcy estates. The controversy is real and immediate, and it is ripe for judicial resolution.

**COUNT II**
**(Imposition of Constructive Trust)**

32. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

33. Under Delaware law, the imposition of a constructive trust over property is an appropriate remedy. To prevail on a claim for unjust enrichment or imposition of a constructive trust[a plaintiff] must allege sufficient facts to plausibly show that (i) there was an enrichment; (ii) an impoverishment; (iii) a relation between the enrichment and the impoverishment; (iv) the absence of justification; and (v) the absence of a remedy provided by law.

34. Plaintiff is legal and equitable owner of the Chang Tokens. The Inadvertent Transfer wrongfully enriched the Debtors' estates.

35. The Inadvertent Transfer caused Plaintiff to be impoverished in the amount of $2,199,337.00, an amount equal to the face value of the Chang Tokens on May 23, 2021, at 4:54 a.m. (ET).

36. The Inadvertent Transfer enriched the Debtors' Estates while causing Plaintiff to be impoverished in the amount of $2,199,337.00 an amount equal to the face value of the Chang Tokens on May 23, 2021, at 4:54 a.m. (ET).

37. Neither the Debtors nor the Trust have any ownership or other rights in the Chang Tokens or proceeds thereof. Immediately following the Inadvertent Transfer, and despite actual knowledge the Debtors had no ownership rights in the Chang Tokens, the Debtors unjustifiably failed to return the Chang Tokens or funds equal to the face value of the Chang Tokens on May 23, 2021, at 4:54 a.m. (ET) to Plaintiff.

38. If the Trust is permitted to retain the $2,199,337.00 the Trust would be unjustly enriched.

39. Plaintiff has no adequate remedy at law with respect to the return of $2,199,337.00 an amount equal to the face value of the Chang Tokens on May 23, 2021, at 4:54 a.m. (ET).

**COUNT III**
**(Conversion)**

40. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

41. The Debtors' estates and the Trust have directly and/or indirectly received a benefit from the Inadvertent Transfer.

42. At all times relevant herein, Plaintiff was the legal and equitable owner of the Chang Tokens.

43. The Debtors and the Trust have improperly and unlawfully exercise dominion and

control over the Chang Tokens and $2,199,337.00, an amount equal to the face value of the Chang Tokens on May 23, 2021, at 4:57 a.m. (ET).

44. Since May 23, 2021, at 4:57 a.m. (ET), the Debtors and the Trust have unlawfully converted the Chang Tokens and the proceeds thereof.

**COUNT IV**
**(In the Alternative)**
**(Estimation and Allowance of Claim – 11 U.S.C. §§ 105 and 502(a) and(c)**

45. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

46. Pursuant to 11 U.S.C. § 502(a), a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

47. Pursuant to 11 U.S.C. § 502(c), there shall be estimated for purpose of allowance under this section - (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case… .

48. Pursuant to 11 U.S.C. § 105(a), this court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

49. On May 16, 2025, in the abundance of caution, Mr. Chang timely submitted his crypto loss claim pursuant to the Crypto Loss Bar Date Order.

50. On November 14, 2025, the Trust issued its initial determination of Mr. Chang's crypto loss claim, valuing the claim at $0.00.

51. On November 14, 2025, Mr. Chang disputed the Trust's initial determination.

52. May 23, 2021, at 4:54 a.m. (ET), the date and time of the Inadvertent Transfer, the value of the Chang Tokens was $2,199,337.00.

53. As set forth herein, Mr. Chang did not intend to invest or otherwise transfer the Chang Tokens to the Debtors.

54. As set forth herein, the Debtors had no legal or equitable interest in the Chang Tokens.

55. To the extent this Court would deny the relief sought by Mr. Chang in Counts I-III, Mr. Chang requests estimation and allowance of his crypto loss claim in an amount equal to a distributable value of $2,199,337.00.

**COUNT V**
**(In the Alternative)**
**(Recharacterization and Allowance of Crypto Loss Claim as a Class 4 Claim – 11 U.S.C. §§ 105 and Federal Rule of Bankruptcy Procedure 9006(b)(1)**

56. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

57. Pursuant to 11 U.S.C. § 105(a), this court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

58. Bankruptcy Rule 9006(b)(1) provides in relevant part:
(b) EXTENDING TIME.

(1) *In General*. This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may—at any time and for cause—extend the time to act if (B).

59. On July 9, 2024, this Court entered the Order (I) Establishing A General Bar Date To File Proofs Of Claim, (II) Establishing A Bar Date To File Proofs Of Claim By Governmental Units, (III) Establishing An Amended Schedules Bar Date, (IV) Establishing A Rejection Damages Bar Date, (V) Approving The Form And Manner For Filing Proofs Of Claim, (VI) Approving The Proposed Notice Of Bar Dates, And (VII) Granting Related Relief establishing August 8, 2024 as the deadline to file general unsecured claims against the Debtors.

60. On March 12, 2025, this Court entered the Order (I) Setting The Bar Date For Filing Proofs Of Claim On Account Of Crypto Loss Claims, (II) Approving The Form Of And Manner For Filing Proofs Of Claim, (III) Approving The Form And Manner Of Notice Thereof, And (Iv) Approving Related Procedures establishing April 30, 2025 as the deadline to file "Crypto Loss Claims."

61. Section 1.38 The Debtors' Second Amended Plan defines a "Crypto Loss Claim" as: any Claim asserted against the Debtors arising from (a) the purchase, sale, or rescission of the purchase or sale of Cryptocurrency, including (i) Terra Crypto, (ii) any wrapped or bridged version on any blockchain of any Terra Crypto, (iii) any staked or bonded Terra Crypto on any blockchain, (iv) any Terra Crypto on any centralized or decentralized liquidity, lending, or borrowing application or protocol on any blockchain, (v) any receipt or derivative of any Terra Crypto on any blockchain, (vi) any derivatives trading or perpetual swaps of Terra Crypto, or any other Cryptocurrency that derives a value from Terra Crypto, and (vii) any other Cryptocurrency that was transacted or made available on the Terra Luna Classic and Terra Luna blockchains, and (b)

any reimbursement or contribution claims allowed under section 502 of the Bankruptcy Code on account of such claims.

62. On May 16, 2025, in the abundance of caution, Mr. Chang timely submitted a crypto loss claim pursuant to the Crypto Loss Bar Date Order.

63. May 23, 2021, at 4:54 a.m. (ET), the date and time of the Inadvertent Transfer, the value of the Chang Tokens was $2,199,337.00.

64. As set forth herein, the Debtors had no legal or equitable interest in the Chang Tokens.

65. Mr. Chang submitted his crypto loss claim prior to the Crypto Loss Bar Date in good faith. However, the facts and circumstances surrounding the Inadvertent Transfer of the Chang Tokens set forth herein do not comport with the definition of a "Crypto Loss Claim" set forth in section 1.38 of the Plan. Rather, to the extent this Court would deny the relief sought in Counts I-III herein, Mr. Chang's crypto loss claim qualifies as a class 4 claim under the Plan and Mr. Chang's failure to properly classify it as such is the result of excusable neglect.

65. To the extent this Court would deny the relief sought by Mr. Chang in Counts I-III, Mr. Chang requests recharacterization of his crypto loss claim to an allowed class 4 claim in an amount equal to a distributable value of $2,199,337.00.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Chang requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First and Second Counts, Declaring the Chang Tokens and/or the proceeds thereof are not property of the bankruptcy estate and rather are property of Mr. Chang.

B. On Plaintiff's First and Second Counts, directing the Trust to immediately segregate and return funds to Mr. Chang. equal to the value of the Chang Tokens on May 23, 2021, at 4:54 a.m. (ET) ($2,199,337.00) plus prejudgment interest.

C. On Plaintiff's Third Count, judgment in favor of Mr. Chang and against the Trust in the amount of $2,199,337.00 plus prejudgment interest.

D. On Plaintiff's Fourth Count (in the alterative), estimating and allowing Mr. Chang's crypto loss claim in an amount equal to a distributable value of $2,199,337.00 plus prejudgment interest.

E. On Plaintiff's Fifth Count (in the alterative), recharacterizing and allowing Mr. Chang's crypto loss claim in an amount equal to a distributable value of $2,199,337.00 plus prejudgment interest.

F. Granting Mr. Chang such other and further relief as this Court may deem just and proper.

Dated: June 2, 2026

*/s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Johnny Chang*